# 7687

No. 7 6 8 7.

Court of Appeal -- Parish of Orleans.

Max Rau

-vs-

Mrs. A. O'Herda

----------------

By Dinkelspiel. J.

7 37

237

Plaintiff instituted this suit, claiming that he had sold and delivered to the defendant merchandise representing a total amount of $500.00, on which he had received $300.00, leaving a balance due by defendant of $200.00 which she failed to pay, notwithstanding frequent amicable demand; and averring further that he feared that defendant would either send the property in dispute out of the jurisdiction of this Court or conceal, part with or dispose of said property during the pendency of this suit, and having a vendor's lien and privilege upon the articles named, a writ of sequestration was necessary to protect his rights in the premises.

He prayed that, considering his affidavit and bond to be fixed by the Court, a writ of sequestration issue, commanding the Civil Sheriff of this Parish to sequester and take into his possession the articles enumerated in his petition, and that after due proceedings had there be judgment for his claim of $200.00: that the writ of sequestration be maintained with recognition of his lien and privilege as vendor upon the property thus sequestered. He annexes his affidavit, together with the bond fixed by the Judge and an order of sequestration in due course was issued and the property claimed seized under said writ.

Subsequently the defendant filed a rule to dismiss the sequestration and the suit based upon the ground, "that the affidavit on which the sequestration issued was false and untrue".

A rule to show cause why said writ should not be dissolved, with $25.00 attorney's fees, with reservation

238

to sue for any damages she may have suffered".

Much testimony was taken on the trial of this motion, which under the circumstances and the law of this case, in our opinion, was absolutely and totally irrelevant and unnecessary, being contrary to the Code of Practice Art. 275, as amended by Act 190 of 1912, wherein it is provided, "The fact that it lies within the power of the defendant to conceal, part with or dispose of the movable in his possession, during the pendency of the suit, shall be deemed sufficient to justify an affidavit by the plaintiff, for the purpose of obtaining the writ of sequestration, that the defendant will so conceal, part with or dispose of the property in question." 10 Ct. of Appeal, Philip Werlein, Ltd. vs. Michael Lofas, p. 280.

The law and the authorities now in existence are that in cases of sequestration the party is not bound to swear to or to prove any other grounds of fear than the simple fact that he has a privilege and that it lies in the power of defendant to defeat or destroy it by doing some of the acts which he swears that he fears he may do.

Where a debt is not due, possibly considerations might arise. In our opinion, it is sufficient for plaintiff in this suit to prove the existence of the debt and his privilege or vendor's lien on the property which was subject of same, which evidence in connection with his affidavit that it lie in the power of the defendant to conceal, part with or dispose of the movable in her possession during the pendency of this suit; hence, plaintiff's sequestration should have been maintained. Revised

Code of Practice Art. 375, Sec. 8, as amended by Act 190 of 1912.

This allegation having been abundantly proved by plaintiff in suit, the Judge of the court a quo erred in making the rule absolute, dissolving the sequestration which should have been granted to this plaintiff. Ordinarily we would have gone no further into this matter after finding that the sequestration should have been maintained, the usual course being for us to have remanded this suit to be further proceeded with in accordance with our decree. But the Judge of the District Court having admitted at the trial of the rule to dissolve testimony which actually resulted in a trial of this cause on its merits, we deem it our duty to take judicial notice of that testimony as contained in this record and no good cause could be served by remanding this case, which would simply result in the same testimony being adduced, putting both plaintiff and defendant to additional and unnecessary exppnses.

An examination of this evidence convinces us that there were two separate contracts of sale entered into between plaintiff and defendant; the first by written contract commencing August 13, 1918, by which defendant purchased furniture of plaintiff to the value of $300.00 under terms as set out in the contract filed in this cause. The second was a verbal contract executed about October 8, 1918, under which she purchased additional furniture to the value of $200.00. As to terms of payment, witnesses differ. But we are convinced that the first contract had been completed and all payments made thereunder by the defendant, and that the furniture,

which was the subject thereof, was her property at the time the sequestration was taken out, and, therefore, that this particular lot of furniture was wrongfully sequestered and seized by plaintiff, and said sequestration and seizure insofar as this particular lot of furniture is concerned must be dissolved and set aside. But insofar as the furniture sequestered under the second contract is concerned, we are of opinion that plaintiff has made out his case and that he is entitled under the provisions of the Code of Practice as interpreted by this Court, heretofore referred to, that the writ of sequestration should be maintained.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, insofar as it made absolute the rule, dismissing the writ of sequestration obtained by plaintiff herein, Max Rau, and that there be now judgment in favor of said plaintiff, Max Rau, and against the defendant, Mrs. A. O'Herda, in the full sum of $200.00, with legal interest thereon from judicial demand until paid, together with recognition of plaintiff's lien and vendor's privilege, but only and solely upon the lot of furniture which was the subject of the said second contract, and which furniture is now held by plaintiff under his writ of sequestration.

It is further ordered, adjudged and decreed that there be judgment in favor of Mrs. A. O'Herda and against Max Rau, plaintiff, recognizing her as the owner of the furniture sequestered and seized by the said Max Rau, and which furniture is now in his possession, and which was paid for in full to the value of $300.00, and was

241

the subject of the first contract referred to, and that said plaintiff, Max Rau, is hereby ordered to return to said Mrs. O'Herda, defendant herein, the said furniture wrongfully and illegally sequestered and seized by him, reserving the right of defendant for such damages, if any she may have suffered through the wrongful sequestration and seizure of the property described, the ownership of which was and is in Mrs. O'Herda, the defendant.

It is further ordered, adjudged and decreed that the costs be borne equally by plaintiff, Max Rau, and defendant, Mrs. A. O'Herda, in both courts.

Judgment Reversed.